UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRUCE DUNGAN, et al.,

                        Plaintiffs,

    v.                                          06-CV-0908

THE ACADEMY AT IVY RIDGE, et al.,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

       Plaintiffs move to: (1) amend their Complaint to add Havenridge Funding, Inc. and Londamerica Real Estate, LLC as defendants in this action; (2) to assert claims against these new defendants for unjust enrichment and violations of 18 U.S.C. § 1962(d) and N.Y. Debt. & Cred. Law §§ 273 and 276; and (3) to enjoin the owners of the property on which Ivy Ridge was operated from selling or re-transferring the property on the ground that the transfers of the property are designed to shield assets from any judgment that might be entered in Plaintiffs' favor. Proposed parties Londamerica and Havenridge oppose the motion. None of the named Defendants have opposed the motion.

**I.**      **BACKGROUND**

       Familiarity with the allegations in the Amended Complaint and Amended Civil RICO statement are presumed. The Court will only recite those facts relevant to the instant motion.

Plaintiffs commenced the instant action on July 25, 2006. At that time, the property on which the Ivy Ridge school was operated was owned by the Robert Browning Litchfield Family Limited Partnership. Shortly thereafter, on August 17, 2006, the Robert Browning Litchfield Family Limited Partnership transferred the property to Defendant New York Minute, LLC. New York Minute is a Utah Limited Company with a principal place of business at 1240 E. 100 S., #9, St. George, Utah, which is the same place of business as Defendant World Wide Association of Specialty Programs and Schools, Inc., Defendant Premier Educational Systems, LLC, and Defendant R&B Billing, LLC. Utah Attorney J. Ralph Atkin represented New York Minute in the closing of the property transfer. On the same date that New York Minute took possession of the property, New York Minute encumbered the property with a $3,000,000 mortgage in favor of Havenridge Funding, Inc. The president of Havenridge Funding is Attorney Atkin's spouse, Cheri B. Atkin. Plaintiffs contend that New York Minute is a shell corporation designed to shield the property from the enforcement of any judgment. It is claimed that the mortgage was recorded without any consideration and was recorded for the purpose of attempting to improperly and illegally shield the property from potential judgment creditors.

On November 2, 2007, Plaintiffs served and filed a Notice of Pendency on the property pursuant to N.Y.C.P.L.R. § 6501. On March 19, 2009, New York Minute transferred the property to Londamerica Real Estate, LLC. Havenridge also assigned its mortgage to Londamerica. Londamerica was represented by Attorney Atkin in the transaction. Londamerica also shares a business address with Attorney Atkin. Londamerica is not seeking to sell the property. The Second Proposed Amended Complaint contends that "[b]y using friends, confidants and other entities as nominees to be the recorded owners of the Ivy

Ridge Property, and by giving mortgages against it, Defendants Lichfied, Patricia Lichfield and Robert Browning Family Limited Partnership have sought to perpetrate a fraud on their creditors."

Plaintiffs seek to add claims of fraudulent conveyance pursuant to New York Debtor & Creditor Law §§ 273 and 276.

## II.     DISCUSSION

Plaintiffs move to amend their Complaint to add Havenridge Funding, Inc. and Londamerica Real Estate, LLC as Defendants and for a preliminary injunction enjoining the transfer of the property upon which Ivy Ridge was operated.  The only opposition on the motion comes from the proposed Defendants, Londamerica and Havenridge.  None of the Defendants have taken any position concerning the pending motion to Amend.

As non-parties, Londamerica and Havenridge do not have standing to oppose the motion for leave to amend.  State Farm Mut. Auto. Ins. Co. v. CPT Medical Services, P.C., 246 F.R.D. 143, 146 n.1 (E.D.N.Y. 2007).  Accordingly, their papers in opposition to the motion have been disregarded.

It is well-settled that leave to amend should be freely given.  Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).  Leave to amend may be denied where allowing the amendment would be futile.  Id.  Because it does not appear from the face of the proposed amended pleading that allowing the amendment would be futile, the motion for leave to amend is GRANTED.

Plaintiffs also move for injunctive relief pursuant to §§ 273 and 276 of New York's Debtor and Creditor Law.  Because the subject property currently is owned by a non-party,

Londamerica, the motion for injunctive relief is DENIED WITH LEAVE TO RENEW after it has properly been added as a party.

## III.     CONCLUSION

For the foregoing reasons, the motion for leave to amend is GRANTED and the motion for injunctive relief is DENIED WITH LEAVE TO RENEW.

IT IS SO ORDERED.

Dated: July 21, 2009

Thomas J. McAvoy
Senior, U.S. District Judge